IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BURNETT & SONS, INC., *et al.*, | |
| Plaintiffs, | |
| v. | 2:23-CV-148-Z-BR |
| HALL CATTLE FEEDERS, LLC, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is nonparty Capital Farm Credit's ("CFC") Motion to Deny as Moot Pending Motion for Summary Judgment and Motion to Intervene Regarding Discrete Claim Contained in Motion for Summary Judgment ("Motion"), filed January 20, 2026. ECF No. 153. Plaintiffs responded on February 10, 2026. ECF No. 154. CFC replied on February 20, 2026. ECF No. 156. The Motion is now ripe. Having considered the Motion, briefing, and relevant law, the Court **GRANTS** the Motion. Both pending motions for partial summary judgment are **DENIED** as moot. ECF Nos. 116, 117. The Clerk of the Court is **DIRECTED** to administratively close this case while the parties pursue mediation.

**BACKGROUND**

Plaintiffs brought this suit on September 12, 2023. Generally, Plaintiffs claim that Defendants mismanaged their cattle while they were in Defendants' care, resulting in the loss of more than 1,000 head of cattle. *See, e.g.*, ECF No. 21 at 15–19. More relevant here is CFC's role in this litigation.

CFC is a nonparty "farm credit institution regulated under the auspices of the Farm Credit Administration." ECF No. 153 at 2. CFC was the "primary lender" to Defendant Hall Cattle Feeders ("HCF") before HCF declared bankruptcy in early 2023. *Id.* "As part of CFC's lending relationship with HCF, HCF pledged a security interest in its assets to CFC, including, but not

limited to, cattle and proceeds." *Id.* During HCF's bankruptcy proceedings, "CFC became aware that approximately 500 head of cattle were languishing on HCF's Canadian, Texas facility." *Id.* "In an effort to save the value of those animals, which constituted a meaningful portion of the bankruptcy estate and CFC's collateral at the time," CFC asked the bankruptcy court to "lift the automatic bankruptcy stay to allow CFC" to sell its cattle collateral. *Id.* The bankruptcy court lifted the stay over the Defendants' objections. *See id.* at 3. CFC then "sold those cattle for approximately $250,000.00 ('Cattle Proceeds')." *Id.*

CFC contends it was "apparent at the time of the motion to lift stay that there would be disagreement between CFC and other creditors of HFC, principally Plaintiffs in this case, on the question of who was entitled to the Cattle Proceeds." ECF No. 153 at 3. "CFC has held the proceeds in stasis" pursuant to "a stipulation in the bankruptcy proceeding between CFC and Plaintiffs" until that question is resolved. *Id.* "The dispute between CFC and Plaintiffs concerning entitlement to the funds centers on the dueling positions of th[e] parties: CFC as secured creditor, Plaintiffs as putative dealer trust beneficiary" under the Packers and Stockyards Act, 7 U.S.C. §§ 181–229. Plaintiffs' status under the Act—and therefore its claim to the Cattle Proceeds—is a subject of its pending Motion for Partial Summary Judgment. *See* ECF No. 119 at 16–20. CFC believes that "a finding in Plaintiffs' favor" on the dealer trust question "could potentially have universally preclusive effect on CFC," preventing it from litigating its entitlement to the Cattle Proceeds. ECF No. 153 at 7.

CFC believes no party adequately represents its interest in the Cattle Proceeds. Accordingly, CFC asks the Court to: (1) allow it to "intervene and respond in opposition to Plaintiffs' Motion for Summary Judgment on the limited issue of the dealer trust"; (2) "deny the pending motions for summary judgment without prejudice to refiling"; and (3) "order the parties to mediation" on the dealer trust issue. ECF No. 153 at 6–7.

**LEGAL STANDARD**

CFC seeks to intervene under both Rule 24(a) and 24(b). *See* ECF No. 156 at 7–8 (mentioning Rule 24(b) for the first time in CFC's Reply). Rule 24(a), which governs intervention as of right, provides that

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001) (quoting *Taylor Commc'ns Grp., Inc. v. Sw. Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999)). The first factor has its own four-part test to "determine whether the application for intervention is timely." *Id.* (citation modified). The timeliness factors are:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Id.* (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). Under Rule 24(b), any party that "has a claim or defense that shares with the main action a common question of law or fact" may intervene "[o]n timely motion." FED. R. CIV. P. 24(b)(1)(B). A "district court's determination regarding the timeliness of intervention is typically reviewed for abuse of discretion." *City of Huntsville*, 242 F.3d at 239 (citing *Sierra Club*, 18 F.3d at 1205 n.2).

"Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015) (quoting *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014)); *see also Sierra Club*, 18 F.3d at 1205 ("Federal courts should allow intervention where no one would be hurt and the greater justice

could be attained."). And a district court may grant permissive intervention under Rule 24(b) even where, as here, the would-be intervenor relied only on Rule 24(a) in its initial motion. *See* FED. R. CIV. P. 24(b) (authorizing permissive intervention "on timely motion" without requiring the movant to specifically invoke subsection (b)); *United States v. LULAC*, 793 F.2d 636, 644 (5th Cir. 1986) ("Although the court erred in granting intervention as of right, it might have granted permissive intervention under Rule 24(b) . . . ."); *id.* at 644 n.12 (citing *McKay v. Heyison*, 614 F.2d 899, 906 (3d Cir. 1980) ("In order for the district court to exercise its discretion, Rule 24(b) requires only that the intervenor share a 'question of law or fact in common' with the original plaintiffs." (quoting FED. R. CIV. P. 24(b)))).

**ANALYSIS**

CFC asks the Court to "deny [Plaintiffs'] pending motion for summary judgment as moot, allow CFC to intervene, and order the parties to mediation." ECF No. 153 at 2. The mootness of the parties' cross-motions for summary judgment and whether the parties should be ordered to mediation are downstream of CFC's intervention in this suit, so the Court addresses intervention first.

**I. CFC's Motion to Intervene**

*A. Timeliness*

The parties primarily dispute whether CFC's Motion is timely. Courts generally consider timeliness before addressing Rule 24(a)'s other requirements. Timeliness is also a requirement for permissive intervention under Rule 24(b). *See* FED. R. CIV. P. 24(b) ("On timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact."). "Timeliness under mandatory intervention is evaluated more leniently than under permissive intervention." *Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977)). However, in exercising their discretion under Rule 24(b), courts "must consider whether the intervention will

4

unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). This requirement is specific to permissive intervention and so is not a consideration under Rule 24(a).

CFC believes "Plaintiffs are stalling for time in the hope that the Court will enter an order finding in their favor on the dealer trust issue" because Plaintiffs have "delay[ed] engagement" with CFC, "knowing CFC is not a party to this action." ECF No. 153 at 4. CFC contends that finding in Plaintiffs' favor on this issue would "negat[e] the need for any negotiation or separate litigation on entitlement to the Cattle Proceeds" because such a finding "could potentially have universally preclusive effect on CFC." *Id.* at 3–4, 7. CFC avers that it did not know the dealer trust issue was part of Plaintiffs' motion for partial summary judgment and only recently discovered that it was, after "counsel for Plaintiffs for the first time brought to the attention of CFC ... the pending motion for summary judgment seeking a determination of Plaintiffs' dealer trust status." *Id.* at 3. CFC describes this delay as a "potential subterfuge." *Id.* Plaintiffs respond that "CFC did nothing to protect its alleged interests in the subject matter of this lawsuit until January 2026—nearly two and half years after the litigation was filed." ECF No. 154 at 8.

The Court finds that CFC's Motion is timely under Rule 24(a). The first timeliness factor asks courts to evaluate the "length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene." *City of Huntsville*, 242 F.3d at 239. Plaintiffs argue that "resolution of the Dealer Trust Claims was critical to the division of the [Cattle Proceeds]" during the bankruptcy proceedings, and so CFC should have known the Proceeds would be implicated in this case. ECF No. 154 at 8. But as Plaintiffs concede, the "Fifth Circuit has 'rejected the notion that the date on which the would-be intervenor became aware of the pendency of the action should be used to determine whether it acted promptly.'" ECF No. 154 at 8 (quoting *Sierra Club*, 18 F.3d at 1205). "A better gauge of promptness is the speed with which the would-be intervenor acted when it became aware

that its interests would no longer be protected by the original parties." *Sierra Club*, 18 F.3d at 1205.

CFC contends that, as a nonparty, it "had no reason to review or analyze Plaintiffs' motion for summary judgment when it was filed." ECF No. 153 at 5. "Only upon Plaintiffs' counsel's mention of the dealer trust issue being part of the motion for summary judgment, did CFC review and analyze the motion for summary judgment." *Id.* This means CFC did not have actual knowledge of the potential impact of Plaintiffs' motion for partial summary judgment on its right to the Cattle Proceeds until January 5, 2026. *See* ECF No. 154-4 at 1–2 ("[A]s you might already be aware, we affirmatively moved for summary judgment on the dealer trust claim. It is fully briefed, and I expect a ruling on it any day. That ruling might move the needle a bit with respect to the division of these funds."). As to whether CFC *should* have known the dealer trust issue might form part of Plaintiffs' motion for partial summary judgment, CFC is currently a nonparty who claims the Cattle Proceeds only as a "secured creditor." *Id.* at 2. While a more diligent party might have read Plaintiffs' motion before last month, this case is about much more than just the Cattle Proceeds. It was not incumbent on CFC to scour the docket in search of claims that might implicate the Proceeds. And CFC had even less reason to monitor this case because, as CFC notes, it "had no reason to believe its interests were at immediate risk" until recently. ECF No. 156 at 5. Until late last year, the parties were in regular contact about the Proceeds and "proceeded on the shared assumption that the competing claims to the Cattle Proceeds would be resolved cooperatively" without court intervention. *Id.* Plaintiffs then stopped communicating with CFC beginning in March 2025, filed their motion for partial summary judgment in June 2025, and only notified CFC that the motion implicates the Cattle Proceeds when CFC reached out in December 2025.

The remaining timeliness factors also favor allowing intervention. Because CFC learned of its interest in joining this case as a party just last month, Plaintiffs will suffer minimal prejudice

6

if CFC is allowed to intervene. By contrast, CFC may suffer much greater prejudice if it is not allowed to intervene, since the Court would have to adjudicate the pending motions for partial summary judgment without the benefit of briefing from CFC. And as to the fourth factor, the Court is aware of no "unusual circumstances militating either for or against a determination that the application is timely," aside from Plaintiffs' "extended silence" around the time they moved for partial summary judgment. *City of Huntsville*, 242 F.3d at 239; ECF No. 156 at 6. If anything, Plaintiffs' failure to notify CFC that it was no longer interested in negotiating favors giving CFC an opportunity to be heard. Thus, CFC acted promptly upon discovering that Plaintiffs' motion could affect its entitlement to the Proceeds.

### B. Interest Relating to the Property or Transaction

Plaintiffs also argue that CFC does not have the kind of "direct, substantial, legally protectable interest in the proceedings" that Rule 24 requires. ECF No. 154 at 9 (quoting *Edwards v. City of Hou.*, 78 F.3d 983, 1004 (5th Cir. 1996)). In Plaintiffs' view, it follows that the Court "must" deny CFC's Motion. *Id.* at 10. CFC counters that unlike in the cases Plaintiffs cite, it does not have a merely *indirect* economic interest in the Cattle Proceeds. Rather, CFC "is the specific entity holding the specific funds—the Cattle Proceeds—whose distribution may be affected by how this Court resolves the dealer trust question." ECF No. 156 at 6.

The Court agrees with CFC. While Plaintiffs are correct that general economic interests do not usually justify intervention, economic interests are enough "when they are directly related to the litigation." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 568 (5th Cir. 2016). It is difficult to imagine how a nonparty's economic interests could be more related to the underlying litigation than they are here, where CFC currently holds the Cattle Proceeds but stands to lose them if the Court grants Plaintiffs' motion for partial summary judgment. The Court therefore finds that CFC's economic interest in this litigation is sufficiently direct to justify intervention.

Plaintiffs do not contest the third and fourth Rule 24(a) factors, so the Court need not address them. CFC's Motion is **GRANTED**.

### II. Mootness and Mediation

CFC asks the Court to "deny the pending motions for summary judgment without prejudice to refiling, particularly as to the dealer trust issue." ECF No. 153 at 6. "Second, and perhaps more importantly, CFC requests the Court order it and Plaintiffs to mediation on the question of the Cattle Proceeds." *Id.* CFC says this "would allow for a more efficient use of judicial resources and allow the parties" to resolve their dispute over the Cattle Proceeds "without the need for additional Court intervention." *Id.* Plaintiffs do not specifically resist CFC's request to send the parties to mediation, seemingly conceding that mediation is an appropriate next step if the Court allows CFC to intervene. Accordingly, the Court **ORDERS** CFC and Plaintiffs to mediate their competing claims to the Cattle Proceeds. The parties are further **ORDERED** to file monthly status reports about their progress in mediation, **beginning on March 31, 2026**.

As to the mootness of the pending motions for partial summary judgment, CFC moved to intervene because its interests are not currently represented by the existing parties. It follows that the Court cannot rule on Plaintiffs' motion without giving CFC an opportunity to defend its position. And it would make little sense to deny Plaintiffs' motion as moot but proceed to adjudicate Defendants' motion, given that the motions address overlapping issues and Defendants will suffer no prejudice from taking additional time to sharpen the questions before the Court. Defendants should also have an opportunity to address the effect, if any, of CFC's intervention on its own motion. Lastly, as CFC notes, the Court has denied motions for summary judgment as moot in other litigation to allow the parties to resolve their claims through mediation. *See, e.g.,* Order, *Herring Bank v. First Baptist Church of Sterling*, No. 2:24-CV-246-Z-BR, Dkt. 70 (N.D.

8

Tex. Dec. 16, 2025). The Court therefore **DENIES** both pending motions as moot. ECF Nos. 116, 117.

CONCLUSION

CFC's Motion is **GRANTED**. CFC and Plaintiffs are **ORDERED** to pursue mediation as to Plaintiffs' dealer trust claims. The parties' pending cross-motions for partial summary judgment are **DENIED** as moot with leave to refile. The Clerk of the Court is **DIRECTED** to administratively close this case while the parties pursue mediation.

SO ORDERED.

February 27, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE