IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BURNETT AND SONS INC., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>HALL CATTLE FEEDERS, LLC, *et al.*,<br><br>Defendant. | 2:23-CV-148-Z-BV |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to deny Defendant's Motion requesting the reopening of expert and discovery deadlines to allow Defendants to retain an environmental expert. ECF No. 179. An Objection to the FCR has been filed. ECF No. 181. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Defendants' Objection and concludes the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 179) is **ADOPTED**.

**BACKGROUND**

In September 2023, Plaintiffs filed this lawsuit against Defendants. ECF No. 1. The complaint was amended on January 18, 2024. ECF No. 21. Plaintiffs, who are cattle ranchers, allege Hall Cattle Feeders, LLC ("HCF") breached an oral agreement. *Id.* at 5–7. Under this agreement, Plaintiffs sent their cattle to HCF, and HCF provided preconditioning services—vaccinations, branding, castrating, feeding, and other care. *Id.* at 7. Under HCF's care, a significant number of cattle purportedly died. *Id.* at 9. HCF attributed the deaths to its intake of high-risk, unhealthy cattle, which "overwhelmed the business." *Id.* Instead of notifying the

owners of the deaths, HCF allegedly purchased "replacement" cattle, costing the business more than $1 million. *Id.* at 10–11.

Plaintiffs claim they checked on their 1,072 head of cattle in HCF's care and discovered them missing or unaccounted. *Id.* at 11. HCF's owner, Dakota Hall, told Plaintiffs "he had shipped the cattle by mistake" and "sold them to new owners." *Id.* To remedy that mistake, HCF and Plaintiffs purportedly entered an agreement for the sale of 1,072 cattle. *Id.* at 12–13. But Plaintiffs claim HCF did not follow through with payment for the cattle, resulting in this lawsuit. *Id.* at 16.

The Court's original scheduling order set deadlines for July 19, 2024, for the initial designation of experts, August 19, 2024, to designate responsive experts, and September 5, 2024, for rebuttal experts. ECF No. 24 at 2–3. Fact and expert discovery was to be completed by November 15, 2024, but the Court extended that deadline, and discovery ultimately closed on March 21, 2025. ECF Nos. 24 at 4; 53 at 4; 59 at 4; and 90 at 4. The case was stayed for a period, and after its reopening, the Court set trial for February 9, 2027. ECF No. 158, 166, 168, 170.

On July 23, 2026, HCF moved unopposed to continue the trial setting due to a scheduling conflict. ECF No. 171. In that same motion, HCF also sought to reopen the expert and discovery deadlines. *Id.* The Court granted HCF's request to move the trial date and reset it for February 23, 2027. ECF No. 175–76. HCF's motion to reopen the scheduling deadlines was referred to the Magistrate Judge for findings, conclusions, and a recommendation. ECF No. 175.

On September 19, 2026, the Magistrate Judge recommended denying HCF's motion to reopen expert and discovery deadlines. ECF No. 179. Defendants objected on September 30, 2026. ECF No. 181. The motion (ECF No. 171) is now ripe.

**LEGAL STANDARD**

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

**ANALYSIS**

The Magistrate Judge filed her FCR on September 16, 2026. ECF No. 179. Defendant filed its Objection on September 30, 2026. ECF No. 181. Because Plaintiff's Objection was timely, this Court reviews de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

First, Defendants argue the recent opinion in the Southern District of Mississippi, *White v. Am. Mod. Prop. & Cas. Ins. Co.*, No. 3:26-cv-11, 2026 LX 327679 (S.D. Miss. 2026), "should be dispositive", but provide no analysis for the Court as to *why* it should lead the Court to a different conclusion than the Magistrate Judge. ECF No. 181 at 6–7. Defendants merely claim "[l]ike in *White*, there is no prejudice and no need for a continuance here." *Id.* at 7. However, as the Magistrate Judge explained, reopening deadlines would result in prejudice that cannot be cured by a continuance because of additional costs and delay in the resolution of Plaintiffs' motion for summary judgment. Defendants' argument is unresponsive to this point.

Second, Defendants argue they discovered in December 2024 *Kellen Allison Cattle Co.,*

*LLC v. City of Shamrock*, No. 2:24-CV-241, 2025 WL 1287738 (N.D. Tex. Nov. 11, 2024)—a case concerning the contamination of property adjacent to HCF's former property at issue in this case. It was not until the discovery of this case that Defendants realized they needed to reopen discovery. ECF No. 181 at 7. Defendants retained and designated an environmental expert in March 2026 while the instant case was administratively closed. *Id.* Defendants explain the reason for their delay in filing a motion was because under Rule 11 "[r]esearch, written discovery, locating an expert, getting an expert up to speed via written discovery and obtaining the expert's actual opinion were all necessary requirements" before requesting the reopening of discovery. *Id.* However, while Rule 11(b)(3) requires "factual contentions have evidentiary support," or "will likely have evidentiary support after a reasonable opportunity for investigation or discovery," (FED. R. CIV. P. 11(b)(3)), nowhere do the rules require a party to complete independent discovery or retain an expert before filing a motion to reopen discovery. Such a statement defies the entire purpose of discovery: "to educate the parties concerning available claims and defenses and to promote the ascertainment of the truth." 1 FRED LANE & SCOTT D. LANE, LANE GOLDSTEIN TRIAL TECHNIQUE § 6:2 (3d ed. 2026). Defendants cite no cases suggesting otherwise. Moreover, Defendants fail to explain why they needed 22 months to conduct such an investigation. Discovery closed on March 21, 2025,[1] meaning Defendants had time to seek the relevant discovery or request an extension before the deadline. ECF No. 90 at 4.

And third, Defendants argue the Magistrate's reliance of *Newsome v. Intern'l Paper Co.*, 123 F.4th 754 (5th Cir. 2024) was improper in demonstrating the importance of the proposed discovery. ECF No. 181 at 7–8. Defendants argue *Newsome* is distinguishable because: (1) environmental expert testimony is necessary here to establish that

[1] Defendants' Objection incorrectly states that December 2024 was "approximately nine ('9') months after the discovery deadline." ECF No. 181 at 7.

contamination caused the cattle deaths; (2) unlike *Newsome*, where the delay resulted from inadvertence, Defendants here could not test the soil or water because they had been evicted from the property; and (3) reopening discovery would not prejudice Plaintiffs because trial has already been postponed by 18 months. However, *Newsome* was used merely to support the proposition "[W]here an expert is crucial to the plaintiff's case, it only underscores the importance of plaintiffs' compliance with the court's deadlines." ECF No. 179 at 5 (citing Newsome, 123 F.4th at 767). In other words, even crucial evidence does not, by itself, excuse a party's failure to comply with discovery deadlines. None of Defendant's arguments undermine this conclusion. The Court thus rejects Defendants' Objection.

CONCLUSION

For the reasons above, the Court **OVERRULES** Defendants' Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 179) is **ADOPTED**. Defendants motion to reopen expert and discovery deadlines (ECF No. 171 at 3–5) is **DENIED**.

**SO ORDERED.**

October 19, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE